UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-15-2016
```

-------------------------------------------------------x
WILLIAM J. STEVENSON, individually and on
behalf of all others similarly situated,

                Plaintiff,

-v-                                                No. 16 CV 444 (LTS)

CNOVA N.V., et al.,

                Defendants.
-------------------------------------------------------x
CHARLES DUMON, individually and on
behalf of all others similarly situated,

                Plaintiff,

-v-                                                No. 16 CV 498 (LTS)

CNOVA N.V., et al.,

                Defendants.
-------------------------------------------------------x
DREW LEE, individually and on
behalf of all others similarly situated,

                Plaintiff,

-v-                                                No. 16 CV 1199 (LTS)

CNOVA N.V., et al.,

                Defendants.
-------------------------------------------------------x

### ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL

        Having considered the pending motions for consolidation and appointment of Lead Plaintiff and Lead Counsel, including the motion of Michael Schwabe and Jaideep Khanna for consolidation of related actions, appointment as Co-Lead Plaintiffs, and approval of selection of Lead Counsel for the Class, and for the reasons stated on the record of the hearing held on

April 14, 2016, it is hereby ordered that:

I.   The motion of Schwabe and Khanna is granted.

II.  The above-captioned actions are consolidated for all purposes (the "Consolidated Action"). This Order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court, and is consolidated with the Consolidated Action.

III. A Master File is established for this proceeding. The Master File shall be Case No. 16 CV 444. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

IV.  An original of this Order shall be filed by the Clerk in the Master File.

V.   Every pleading in the Action shall have the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x
IN RE CNOVA N.V.                           :
SECURITIES LITIGATION                      :
                                           :        MASTER FILE
                                           :        16 CV 444-LTS
This Document Relates To:                  :
                                           :
                                           :
                                           :
                                           :
------------------------------------------ x
```

When a pleading is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading is intended to apply to fewer than all of such actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

When a pleading or other paper is filed, the parties shall electronically file such paper pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing. When the caption, pursuant to this Order, must show that it is applicable to "All Actions," the parties shall file such paper in the Master File only. Docket entries shall not be made to each separate action.

If the caption shows that <u>it is applicable to fewer than "All Actions</u>," the parties shall file such paper in the Master File and electronically file such paper to the action to which it applies.

If manual filing is permitted for an action, when a pleading or other paper is <u>manually</u> filed and the caption, pursuant to this Order, shows that it is applicable to "Both Actions," the parties shall submit to this Court the original paper for the Master File. No copies shall be submitted for each separate action. Upon receiving the original paper, the Clerk shall docket the paper to the Master File only. Docket entries shall not be made to each separate action. If the caption shows that <u>it is applicable to fewer than "All Actions,"</u> the parties shall submit to this Court the original paper for the Master File and copies of such paper for the action to which it applies. Upon receiving the papers, the Clerk shall docket the original paper to the Master File and docket copies of such paper to the action to which it applies.

VI. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that may properly be consolidated as part of the Consolidated Action.

VII. When an action that relates to the same subject matter as the consolidated Cnova N.V. Securities Litigation is hereafter filed in or transferred to this Court and assigned to the

undersigned, it shall be consolidated with these actions in the same manner as the above-captioned cases (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

(a) Docket a copy of this Order in the file for newly filed or transferred actions; and

(b) Make an appropriate entry in the Master Docket.

VIII. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

IX. This Order shall apply to each action in which it is docketed pursuant to paragraph E.1 above, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk notifies counsel for that party of this Order and the Court exempts the action from all or any portion of this Order. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

X. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to any such complaint.

XI. Schwabe and Khanna are appointed to serve as Co-Lead Plaintiffs in the Consolidated Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B), because they have each individually

demonstrated the largest known financial interest in the relief sought; appointment as Co-Lead Plaintiffs is appropriate because they have an established, pre-existing relationship as investment professionals. Additionally, Schwabe and Khanna otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

XII. Schwabe and Khanna's selection of Brower Piven P.C. as Lead Counsel for the Class is approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pretrial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

    A. to brief and argue motions;

    B. to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    C. to direct and coordinate the examination of witnesses in depositions;

    D. to act as spokesperson at pretrial conferences;

    E. to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

    F. to initiate and conduct any settlement negotiations with Defendants' counsel;

  G. to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

  H. to consult with and employ experts;

  I. to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees approved by the Court; and

  J. to perform such other duties as may be expressly authorized by further order of this Court.

XIII. Further proceedings in these consolidated actions will be conducted in accordance with applicable orders, federal and local court procedural rules and the Individual Practices Rules of the undersigned, including Rule A.2.b. thereof.

XIV. The motions of William J. Stevenson, Teresa Granieri, Donald M. Perugini, Shivakumar Ballur, and Charles Dumon are denied. This Order resolves docket entry nos. 7, 10, 13, 16, and 19 in No. 16 CV 444; docket entry no. 25 in No. 16 CV 498; and docket entry no. 34 in No. 16 CV 1199.

SO ORDERED.

Dated: New York, New York
April 14, 2016

_____
LAURA TAYLOR SWAIN
United States District Judge